IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RONALD EUGENE HAINEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-07-205-C |
| | ) | |
| MARTY SIRMONS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Mr. Ronald Hainey seeks damages and declaratory relief, alleging a constitutional violation through incarceration beyond the end of his sentence. Defendants Sirmons, Higgins, Rabon, Leuty, Carter, and Laymon moved for dismissal or summary judgment,[1] and the Plaintiff responded 31 days after the expiration of his deadline. In the response, Mr. Hainey requested summary judgment for himself. Defendants Sirmons, Higgins, Rabon, Leuty, Carter, and Laymon have sought an order striking the Plaintiff's response brief and treating their dispositive motion as "confessed."

The Court should decline to strike the Plaintiff's response or to treat the dispositive motion as "confessed." Instead, the Court should:

- grant the motion to dismiss on the official capacity claims,

---

[1] The Plaintiff served Ronald Anderson, but he has not responded to the complaint. Mr. Hainey has not filed proof of service on two other defendants, Mr. Ron Ward and Ms. Melinda Guilfoyle.

- grant summary judgment to the moving defendants on the conspiracy theory under 42 U.S.C. § 1983,

- deny dismissal or summary judgment on Count One in the Defendants' personal capacities, and

- strike the Plaintiff's counter-motion for summary judgment.

## THE PLAINTIFF'S ALLEGATIONS

The complaint contains two counts.

In the first count, Mr. Hainey alleges that the Defendants had caused the sentences to run consecutively, resulting in his incarceration seven months beyond the proper release date. Civil Rights Complaint Pursuant to 42 U.S.C. Sec. 1983; 1985 28 U.S.C. Sec. 1343(A)(3); 28 U.S.C. Sec. 2201, 2202 at pp. 2-9 (Feb. 20, 2007) ("Complaint").

In the second count, Mr. Hainey claims a conspiracy to unlawfully incarcerate him in deprivation of his liberty. *Id.* at p. 9.

## UNDISPUTED FACTS

In Case No. CF-82-3400, Mr. Hainey was convicted in Oklahoma County District Court and ordered to serve a 30-year sentence. *See* Certificate of Parole (May 11, 1993).[2] He was paroled from that sentence in May 1993. *See id.*

In May 2001, the Plaintiff was convicted of additional crimes in the same state court. *See* Judgment and Sentence at p. 1, *State v. Hainey*, Case No. CF-98-7921 (Okla. Co. Dist. Ct. file-stamped May 17, 2001). Mr. Hainey was ordered to serve three ten-year sentences.

---

[2]     The parties have not filed a copy of the original judgment and sentence.

*See id.*  The state court ordered that the new terms were to be served "CONCURRENTLY

WITH:  <u>EACH OTHER AND CF82-3400</u>."  *See id.* (emphasis in original).  Approximately

three months later, Mr. Hainey's parole in Case No. CF-82-3400 was revoked.  *See*

Certificate of Parole Revocation (Aug. 3, 2001).  The governor did not indicate whether the

parole revocation was to run concurrently or consecutively with the sentences in Case No.

CF-98-7921.  *See id.*

     The Department of Corrections ("DOC") calculated the sentences in Case No. CF-98-

7921 to run consecutively to the parole revocation.  *See* Defendants' Motion to

Dismiss/Motion for Summary Judgment and Brief in Support at pp. 2-3 & Exh. 15 at pp. 1,

4 (June 11, 2007) ("Defendants' Dispositive Motion").

     Mr. Hainey complained to DOC officials in 2002 and 2005, arguing that his sentences

had been ordered to run concurrently.  *See id.*, Exh. 15.  Both times the Plaintiff was denied

relief.  *See id.*

     In October 2005, the Plaintiff sought a writ of habeas corpus in Atoka County District

Court.  *See* Court Order, *Hainey v. Higgens*, Case No. CV-2005-238 (Atoka Co. Dist. Ct.

Jan. 31, 2006).[3]  The court granted relief, concluding that:

- the state trial judge in Case No. CF-98-7921 had ordered the sentences to run
  concurrently,

- DOC officials had "wrongly decided to run the [sentences] consecutively," and

---

[3]    The current record does not contain Mr. Hainey's state petition for a writ of habeas corpus.

- concurrent service of the sentences would already have resulted in Mr. Hainey's release.

*Id.* Consequently, the Atoka County District Court ordered Mr. Hainey's release. *See id.*

The DOC obtained a stay of the release order[4] and sought a writ of prohibition in the Oklahoma Court of Criminal Appeals ("OCCA"). The OCCA ordered Mr. Hainey's release during the pendency of the proceedings.[5] The DOC's petition for a writ of prohibition was later denied.[6]

## TIMELINESS OF THE PLAINTIFF'S RESPONSE BRIEF

Mr. Hainey is obligated to comply with the procedural rules notwithstanding his *pro se* status. *See Murray v. City*, 312 F.3d 1196, 1199 n.3 (10th Cir. 2002) (stating that *pro se* status did not relieve the plaintiff of his "obligation to comply with procedural rules" (citation omitted)). The Plaintiff violated this obligation by responding to the dispositive motion 31 days late.

The Plaintiff's tardiness creates the question whether to strike his response brief.[7] The Court should decline to do so. If the Plaintiff had sought an extension of time, the issue

---

[4]     Order Staying Execution of Judgment Pending Appeal, *Hainey v. Higgins*, Case No. CV-05-238 (Atoka Co. Dist. Ct. Feb. 8, 2006).

[5]     Order Assuming Original Jurisdiction and Directing District Court to Consider Release of Respondent, Ronald Eugene Hainey, Upon His Own Recognizance During the Pendency of this Action at pp. 1-2, *Higgins v. Branam*, Case No. PR-2006-171 (Okla. Crim. App. May 9, 2006).

[6]     Order Assuming Original Jurisdiction and Denying Petition for Writ of Prohibition, *passim*, *Higgins v. Branam*, Case No. PR-2006-171 (Okla. Crim. App. June 20, 2006) ("OCCA Order Denying Petition for a Writ of Prohibition").

[7]     Defendant Ron Anderson, who is himself in default, has not joined in the motion to strike.

would have been whether he could show excusable neglect. *See* Fed. R. Civ. P. 6(b)(2). Under this standard, the pertinent factors would have been:

- danger of prejudice to the Defendants,

- length of the delay and its potential impact on the judicial proceedings,

- reason for the delay, and

- good faith on the part of the Plaintiff.

*See Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 395 (1993). These factors support a determination of excusable neglect.

Mr. Hainey ultimately responded to the dispositive motion before the entry of a report and recommendation. Thus, the Plaintiff's 31-day delay did not substantially prejudice the Defendants or unduly disrupt the judicial proceedings. While the Plaintiff must comply with the procedural rules, he was apparently unaware of the 18-day deadline and his delay did not involve bad faith. In these circumstances, the Court should overrule the Defendants' motion to strike the response brief.

## "CONFESSION" OF THE DISPOSITIVE MOTION

W.D. Okla. LCvR 7.1(g) (2007) grants discretion to treat the Defendants' motion for dismissal or summary judgment as confessed in light of the Plaintiff's 31-day delay.

Exercise of this discretion would constitute a sanction,[8] requiring consideration of three factors:

- the degree of actual prejudice to the moving defendants,

- the degree of interference with the judicial process, and

- the culpability of the Plaintiff.[9]

Confession of a dispositive motion is appropriate only when these factors "outweigh the judicial system's strong predisposition" for resolution of "cases on their merits." *Meade v. Grubbs*, 841 F.2d 1512, 1520-21 n.7 (10th Cir. 1988) (citations omitted).

The Defendants do not suggest actual prejudice or interference with the judicial process,[10] and none is apparent from the record. The Plaintiff eventually responded and did so prior to entry of a report and recommendation.

The Plaintiff was responsible for the delay, as he must comply with the applicable rules notwithstanding his *pro se* status. *See supra* p. 4. The Court ordered a response to the dispositive motion,[11] and Mr. Hainey states that he did not receive the order. This argument

---

[8] *See Reed v. Bennett*, 312 F.3d 1190, 1193 (10th Cir. 2002) ("We generally treat a district court's application of local rules to grant an uncontested summary judgment motion as a sanction . . . .").

[9] *See Meade v. Grubbs*, 841 F.2d 1512, 1520-21 n.7 (10th Cir. 1988).

[10] *See Cooper v. Saffle*, 30 Fed. Appx. 865, 867 (10th Cir. Feb. 13, 2002) (unpublished op.) (holding that the district court had erred in treating a dispositive motion as confessed, as the failure to respond had not prejudiced the defendants or the judicial process).

[11] Order (June 12, 2007).

is invalid as an excuse.[12]  But Mr. Hainey's culpability is mitigated by the fact that he filed a response to the dispositive motion soon after being alerted to his mistake.[13]

In light of the absence of actual prejudice or interference with the judicial process, the Court should decline to treat the dispositive motion as confessed.

Defendants Sirmons, Higgins, Rabon, Leuty, Carter, and Laymon apparently recognize the unavailability of this sanction, acknowledging that the "Plaintiff's failure to respond to the . . . motion is not reason, in and of itself, for Defendants' motion to be granted . . . ."  Defendants' Motion to Deem Motion to Dismiss/Motion for Summary Judgment Confessed and Brief in Support at p. 2 (July 9, 2007) (footnote omitted).  As an alternative, however, the Defendants assert that this Court's local civil rules result in "confess[ion] [of] the facts and legal positions raised" in the dispositive motion.  *Id.*

The Defendants misunderstand W.D. Okla. LCvR 7.1(g) (2007).[14]  As noted above the local rule permits, but does not require, confession of a dispositive motion when the non-

---

[12]     *See Meade v. Grubbs*, 841 F.2d 1512, 1521 (10th Cir. 1988) (stating that a detainee plaintiff's "failure to comply with [the prior version of W.D. Okla. LCvR 7.1(g)] cannot be excused on the ground that he was a *pro se* litigant and had no knowledge of the requirements of [the local rule]" (citation omitted)).

[13]     *See Hancock v. City*, 857 F.2d 1394, 1396 (10th Cir. 1988) (overturning a district court's ruling, which had treated a summary judgment motion as confessed based on the lack of a timely response, in part because the non-moving party had "acted promptly" after discovery of the mistake).

[14]     The Defendants cite W.D. Okla. LCvR 7.2(f).  This rule was modified and renumbered on June 15, 2007, as W.D. Okla. LCvR 7.1(g).

moving party fails to timely respond.  *See supra* p. 5.  Even when a party fails to timely

respond, the Court must still examine the dispositive motion in light of the applicable law.[15]

The movants point to W.D. Okla. LCvR 56.1(c) (2007), but this rule merely allows

the Court to deem admitted the movants' "material facts set forth in the statement of the

material facts."[16]

In the dispositive motion, the Defendants purported to identify nineteen material facts.

But Numbers 4-6 and 10 involved legal issues, which would not be deemed "admitted" under

the local rule.  Even for the facts deemed "admitted," the Court would need to decide

---

[15]     In considering a motion to dismiss, the Tenth Circuit Court of Appeals stated:

> [E]ven if a plaintiff does not file a response to a motion to dismiss for failure to state
> a claim, the district court must still examine the allegations in the plaintiff's
> complaint and determine whether the plaintiff has stated a claim upon which relief
> can be granted.

*Issa v. Comp USA*, 354 F.3d 1174, 1178 (10th Cir. 2003) (citations omitted).

In discussing summary judgment motions, the appeals court stated:

> To summarize, a party's failure to file a response to a summary judgment
> motion is not, by itself, a sufficient basis on which to enter judgment against the
> party.  The district court must make the additional determination that judgment for
> the moving party is "appropriate" under Rule 56.

*Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002).

[16]     Defendants' Motion to Deem Motion to Dismiss/Motion for Summary Judgment Confessed
and Brief in Support at p. 2 (July 9, 2007) (quoting W.D. Okla. LCvR 56.1(c)).  The language in the
local rule suggests that such treatment is automatic.  *See* W.D. Okla. LCvR 56.1(c) (2007) ("All
material facts set forth in the statement of the material facts of the movant shall be deemed admitted
for the purpose of summary judgment unless specifically controverted by the statement of material
facts of the opposing party.").  But the Tenth Circuit Court of Appeals has recognized that
application of this rule is discretionary with the district court.  *Vittoria North America, L.L.C. v.
Euro-Asia Imports Inc.*, 278 F.3d 1076, 1081 (10th Cir. 2001).

whether they "entitle[d] the moving part[ies] to judgment as a matter of law." *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002) (citations omitted).  In making this legal determination, the Court would not have been bound by the Defendants' legal arguments even if they had been uncontested.[17]  In these circumstances, the Court should overrule the Defendants' request to treat their dispositive motion as "confessed."

MOTION TO DISMISS: ELEVENTH AMENDMENT
AND STATUTE OF LIMITATIONS

The Defendants urge dismissal of:

- the official capacity claims under the Eleventh Amendment and

- all claims based on the statute of limitations.

For both counts in the complaint, the Court should grant the motion to dismiss in the Defendants' official capacities.[18]  But the individual capacity claims should not be dismissed.

---

[17]     *See Kamen v. Kemper Financial Services, Inc.*, 500 U.S. 90, 99 (1991) ("When an issue or claim is properly before the court, the court is not limited to the particular legal theories advanced by the parties, but rather retains the independent power to identify and apply the proper construction of governing law." (citation omitted)).

[18]     In seeking dismissal, the Defendants rely on Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  In other jurisdictions, courts have disagreed about whether they should consider Eleventh Amendment immunity under Rule 12(b)(1) or 12(b)(6).  *See Andrews v. Daw*, 201 F.3d 521, 524 n.2 (4th Cir. 2000) ("Our cases have been unclear on whether a dismissal on Eleventh Amendment immunity grounds is a dismissal for failure to state a claim under Rule 12(b)(6) or a dismissal for lack of subject matter jurisdiction under Rule 12(b)(1).").  Courts also differ on whether the standards for dismissal under Rules 12(b)(1) and 12(b)(6) are the same.  *Compare Moore v. PaineWebber, Inc.*, 189 F.3d 165, 169 n.3 (2d Cir. 1999) ("the standards for reviewing dismissals granted under 12(b)(1) and 12(b)(6) are identical"), *and Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992) (*per curiam*) (stating that the "same standard" applies in review of dismissals for failure to state a claim under Rule 12(b)(6) and for lack of subject-matter jurisdiction under Rule 12(b)(1)), *with Growth Horizons, Inc. v. Delaware County*, 983 F.2d 1277, 1281 n.4 (3d Cir. 1993) ("Colafella and Kehr Packages explicitly state that the standard for dismissal under [Rules 12(b)(1) and 12(b)(6)] is different.").  However, the potential difference in standards would not affect the

I.      Eleventh Amendment

The Eleventh Amendment bars suit in federal court against a State by citizens of another state or by the State's own citizens. *See Board of Trustees of University of Alabama v. Garrett*, 531 U.S. 356, 363 (2001).  When a state official is named as a defendant, the Eleventh Amendment continues to bar the action "if the state is the real, substantial party in interest." *Frazier v. Simmons*, 254 F.3d 1247, 1253 (10th Cir. 2001).

An exception exists when Eleventh Amendment immunity has been waived by the state or abrogated by Congress. *See Chaffin v. Kansas State Fair Board*, 348 F.3d 850, 866 (10th Cir. 2003).  But the State of Oklahoma has not waived its Eleventh Amendment immunity. *See* Okla. Stat. tit. 51 § 152. 1(B) (2001) ("it is not the intent of the state to waive any rights under the Eleventh Amendment to the United States Constitution").  And Congress did not abrogate the states' Eleventh Amendment immunity through the enactment of Section 1983. *See Quern v. Jordan*, 440 U.S. 332, 345 (1979).  Thus, the Eleventh Amendment forecloses any cause of action against Defendants Sirmons, Higgins, Rabon, Leuty, Carter,

---

outcome on the Defendants' Eleventh Amendment challenge.

and Laymon for monetary damages or declaratory relief[19] in their official capacities.[20]  The

Court should dismiss these claims without prejudice to refiling.[21]

II.  Statute of Limitations

The personal capacity claims are not time-barred and should survive the motion to

dismiss.

A.  Standard for Dismissal

Dismissal for failure to state a valid claim is proper only if the Plaintiff pleads

"enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v.*

*Twombly*, __ U.S. __, 127 S. Ct. 1955, 1974 (2007).  The well-pleaded factual allegations

in the complaint must be accepted as true and construed in the light most favorable to the

---

[19]  The applicability of the Eleventh Amendment to a declaratory judgment turns on the nature of the claim.  For example, the amendment applies when the plaintiff is not claiming a continuing violation of federal law.  *See Powder River Basin Resource Council v. Babbitt*, 54 F.3d 1477, 1483 (10th Cir. 1995).

Officials have already released Mr. Hainey, and the requested declaration would simply reflect a previous constitutional violation.  This request would involve retrospective relief and would trigger the Eleventh Amendment.  *See Meiners v. University of Kansas*, 359 F.3d 1222, 1232 (10th Cir. 2004).

[20]  *See Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 120 (1984); *see also White v. State*, 82 F.3d 364, 366 (10th Cir. 1996) (upholding the determination that a state department of corrections had enjoyed Eleventh Amendment immunity for claims involving money damages and a declaratory judgment).

[21]  Eleventh Amendment immunity forecloses suit in federal court, but does not bar litigation in state court.  *See State of Maine v. Thiboutot*, 448 U.S. 1, 9 n.7 (1980).  Thus, dismissal on grounds of the Eleventh Amendment should ordinarily be without prejudice to assertion of the claim in state court.  *See Divine Church of God and Christ v. Taxation & Revenue Department*, 116 F.3d 1489, 1997 WL 355326, Westlaw op. at 2 (10th Cir. June 27, 1997) (unpublished op.) (remanding with instructions to dismiss claims, without prejudice, based on the Eleventh Amendment).

Plaintiff.  *See Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990).  A *pro se*

complaint like Mr. Hainey's must be broadly construed under this standard.  *See Gaines v.*

*Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002).

B.     Application

According to the Defendants, the limitations period is two years.[22]  The critical issue

is when that period began.

The Defendants argue that the limitations period had begun in 2002 when the DOC

denied relief.  But this argument ignores the delayed accrual under *Heck v. Humphrey*, 512

U.S. 477 (1994).

In *Heck v. Humphrey*, the Supreme Court held that a Section 1983 claim for damages

is premature if a judgment for the plaintiff "would necessarily imply the invalidity of his

conviction or sentence."  *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

A monetary award for Mr. Hainey would not invalidate either his conviction or

sentence.   But relief would imply the invalidity of the way in which the DOC has

administered Mr. Hainey's sentence.  In this situation, the Western District of Oklahoma and

the Tenth Circuit Court of Appeals have extended *Heck v. Humphrey* to prohibit an award

---

[22]     Examining Oklahoma law existing at the time, the Tenth Circuit Court of Appeals held that
the limitations period in Oklahoma is two years.  *Meade v. Grubbs*, 841 F.2d 1512, 1522 (10th Cir.
1988).  On May 10, 2005, Oklahoma adopted a one-year limitations period for suits by inmates
based on facts taking place during their incarceration, including "claims for injury to the rights of
another . . . ." 2005 Okla. Sess. Laws 769 (codified at Okla. Stat. tit. 12 § 95(A)(11) (2005 supp.)).
The Court need not address the applicability of this provision.  As discussed in the text, the cause
of action did not accrue until June 20, 2006, and Mr. Hainey filed the complaint less than eight
months later. *See infra* pp. 12-13.

of damages until the prisoner has elsewhere obtained a writ of habeas corpus based on miscalculation of the sentence.[23] Thus, the Section 1983 action did not accrue until June 20, 2006, when Mr. Hainey succeeded in state habeas proceedings.[24]

Because Mr. Hainey filed the complaint within two years of the accrual date, the Court should overrule the Defendants' motion to dismiss on this ground.

SUMMARY JUDGMENT: QUALIFIED IMMUNITY,
DECLARATORY RELIEF, AND CONSPIRACY

In connection with the Defendants' personal capacities, the Court should:

- deny the summary judgment motion on Count One and

- grant the motion on Count Two for Defendants Sirmons, Higgins, Rabon, Leuty, Carter, and Laymon.

---

[23]    *See Anderson v. Bruce*, 28 Fed. Appx. 786, 787-88 (10th Cir. Nov. 1, 2001) (unpublished op.) (a prisoner's request for damages under Section 1983 for miscalculation of his prison sentence was premature under *Heck*); *Fields v. Department of Corrections*, Case No. CIV-05-66-R, slip op. at 4-6 (W.D. Okla. Jan. 27, 2005) (unpublished report and recommendation by magistrate judge) (before a prisoner could seek damages for confinement past the expiration of his sentence, he had to succeed in a habeas petition), *adopted* (W.D. Okla. July 19, 2005) (unpublished order by district judge); *see also Nutter v. Ward*, 173 Fed. Appx. 698, 703 (10th Cir. Apr. 4, 2006) (unpublished op.) (stating that *Heck* precluded recovery for misinterpretation of a prison policy involving administration of a sentence); *accord Erlin v. United States*, 364 F.3d 1127, 1130-33 (9th Cir. 2004) (holding that a civil action under the Federal Tort Claims Act, involving negligent calculation of a prisoner's release date, was premature under *Heck* until the inmate had elsewhere established a right to release from custody); *Ellis v. Bureau of Prisons*, 2007 WL 776780, Westlaw op. at 1-3 (11th Cir. Mar. 15, 2007) (unpublished op.) (deeming premature an inmate's claim for damages based on an allegation that prison officials had improperly run his sentences consecutively, resulting in incarceration past the proper release date).

[24]    *See Beck v. City of Muskogee Police Department*, 195 F.3d 553, 557 (10th Cir. 1999) ("for § 1983 claims necessarily challenging the validity of a conviction or sentence, *Heck* delays the rise of the cause of action until the conviction or sentence has been invalidated"); *see also supra* p. 12.

I.      Standard for Summary Judgment

Summary judgment is necessary when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  When confronted with a motion for summary judgment, "[t]he court views the record and draws all favorable inferences in the light most favorable to the non-moving party."  *Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. PepsiCo, Inc.*, 431 F.3d 1241, 1255 (10th Cir. 2005).

II.     Count One:  Qualified Immunity

On Count One, the Defendants request summary judgment on grounds of qualified immunity, arguing that:

- Mr. Hainey has not alleged a constitutional violation,

- he has not demonstrated the clear establishment of such a right, and

- officials postponed the release only because the state district judge had entered a stay.

The Court should reject the Defendants' arguments on Count One at the summary judgment stage.

A.      Test for Qualified Immunity

When qualified immunity is asserted, the plaintiff bears a preliminary burden to show that:

- the defendant violated a constitutional or statutory right and

- the constitutional or statutory right was clearly established when the violation took place.

*See Trask v. Franco*, 446 F.3d 1036, 1043 (10th Cir. 2006). If the plaintiff satisfies both parts of this test, the defendants must demonstrate the absence of material issues of fact on the objective reasonableness of their conduct in light of then-existing law and the information that they had at the time. *See id*. at 1043-44; *Coen v. Runner*, 854 F.2d 374, 377 (10th Cir. 1988).

B.   Violation of a Constitutional Right

For Count One, Mr. Hainey has alleged that as a result of the Defendants' conduct, he had to remain in prison for seven months past his proper discharge date. Complaint at pp. 2-9; *see supra* p. 2. The material historical facts relating to the allegation were uncontested, and the Defendants acknowledged that the state courts had agreed with Mr. Hainey's interpretation of his sentences. *See* Defendants' Dispositive Motion at pp. 1-4. Thus, when viewed favorably to Mr. Hainey, the evidence could reflect a constitutional violation.[25] In

---

[25]      *See Mitchell v. New Mexico Department of Corrections*, 996 F.2d 311, 1993 WL 191810, Westlaw op. at 3 (10th Cir. June 1, 1993) (unpublished op.) ("Imprisonment beyond one's term can constitute cruel and unusual punishment for purposes of the Eighth Amendment." (citation omitted)); *accord Moore v. Tartler*, 986 F.2d 682, 686 (3d Cir. 1993) ("Subjecting a prisoner to detention beyond the termination of his sentence has been held to violate the eighth amendment's proscription against cruel and unusual punishment."); *Golson v. Department of Corrections*, 914 F.2d 1491, 1990 WL 141470, Westlaw op. at 1 (4th Cir. Oct. 2, 1990) (unpublished op.) (*per curiam*) ("Incarceration beyond the termination of one's sentence may state a claim under the due process clause and the eighth amendment." (citations omitted)); *Douthit v. Jones*, 619 F.2d 527, 532 (5th Cir. 1980) ("Detention of a prisoner thirty days beyond the expiration of his sentence in the absence of a facially valid court order or warrant constitutes a deprivation of due process."); *Campbell v. Peters*, 256 F.3d 695, 700 (7th Cir. 2001) (the plaintiff's allegation that prison officials had misinterpreted state law, resulting in detention beyond the release date, articulated a claim under the Eighth Amendment for purposes of qualified immunity); *Davis v. Hall*, 375 F.3d 703, 713-14

these circumstances, the Court should conclude Mr. Hainey has satisfied his threshold burden to show the violation of a constitutional right.

      C.      <u>The Presence of a "Clearly Established" Constitutional Right</u>

The existence of a constitutional violation would trigger a burden for Mr. Hainey to demonstrate that the underlying right was "clearly established." *Marshall v. Columbia Lea Regional Hospital*, 474 F.3d 733, 740 (10th Cir. 2007); *see supra* pp. 14-15. Again, the Plaintiff has satisfied this burden for purposes of summary judgment.

As the Defendants point out, the Tenth Circuit Court of Appeals has not squarely confronted the identical circumstances in a published decision. But the absence of a reported opinion in this circuit is not dispositive.

A constitutional right may be clearly established by unpublished decisions in this circuit or published decisions in other circuits.[26] *See Anderson v. Blake*, 469 F.3d 910, 914 (10th Cir. 2006) ("A plaintiff can demonstrate that a constitutional right is clearly established by reference to cases from the Supreme Court, the Tenth Circuit, or the weight of authority

---

(8th Cir. 2004) (recognizing a Fifth and Fourteenth Amendment due process right to be free from "wrongful, prolonged incarceration"); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (*en banc*) ("Detention beyond the termination of a sentence could constitute cruel and unusual punishment if it is the result of 'deliberate indifference' to the prisoner's liberty interest . . . ." (citation omitted)).

[26]      The Defendants argue that qualified immunity is available unless the illegality of the "very action in question" is apparent. Defendants' Dispositive Motion at pp. 8-9. But the relevant case law "need not involve the unlawfulness of the very action at issue." *Novitsky v. City of Aurora*, __ F.3d __, 2007 WL 1935142, Westlaw op. at 9 (10th Cir. July 5, 2007). Thus, "'officials can still be on notice that their conduct violates established law even in novel factual circumstances.'" *Cortez v. McCauley*, 478 F.3d 1108, 1114-15 (10th Cir. 2007) (citation omitted).

from other circuits." (citation omitted)); *Bahrampour v. Lampert*, 356 F.3d 969, 977 (9th Cir. 2004) (stating that "unpublished decisions can be considered in determining whether the law was clearly established" for purposes of qualified immunity); *McCloud v. Testa*, 97 F.3d 1536, 1555 (6th Cir. 1996) (explaining the propriety of citation to unpublished decisions to determine whether a principle of law was clearly established for purposes of qualified immunity).[27]   In this case, the existence of a constitutional right was established by unpublished decisions in the Tenth Circuit and by published decisions elsewhere.

For example, over ten years before Mr. Hainey was to be released, the Tenth Circuit Court of Appeals had stated in an unpublished decision that "[i]mprisonment beyond one's term can constitute cruel and unusual punishment for purposes of the Eighth Amendment." *Mitchell v. New Mexico Department of Corrections*, 996 F.2d 311, 1993 WL 191810, Westlaw op. at 3 (10th Cir. June 1, 1993) (unpublished op.) (citing *Sample v. Diecks*, 885 F.2d 1099, 1108-10 (3d Cir. 1989)); *see supra* note 25.  Although unpublished, the decision alerted prison administrators to a constitutional right to release on the expiration of a prison term.  Similarly, five other circuit courts had published decisions announcing a constitutional

---

[27]     The Fourth Circuit Court of Appeals adopted a contrary view in 1996, stating that unpublished "opinions [could not] be considered in deciding whether particular conduct violated clearly established law for purposes of adjudging entitlement to qualified immunity."  *Hogan v. Carter*, 85 F.3d 1113, 1118 (4th Cir. 1996) (*en banc*).  At that time, the Fourth Circuit Court of Appeals had a local rule generally forbidding its own citation of unpublished decisions.  *See* Fourth Cir. R. 36(c) (1996) ("In the absence of unusual circumstances, this Court will not cite an unpublished disposition in any of its published opinions or unpublished dispositions.").  In contrast, the Tenth Circuit Court of Appeals permits citation of unpublished opinions.  *See* Tenth Cir. R. 32.1(A) (2007) (stating that citation of unpublished decisions "is permitted to the full extent of the authority found in Fed. R. App. P. 32.1").

right to release when a prison term expired.  *See supra* note 25 (citing cases).  Based on the

decisions in the Tenth Circuit and elsewhere, the fact-finder could regard Mr. Hainey's

constitutional rights as "clearly established" for purposes of qualified immunity.

> D.       Objective Reasonableness of the Defendants' Conduct

The resulting question is whether reasonable administrators would have recognized

a constitutional violation by ignoring the trial court's order to treat the sentences as

concurrent.  *See supra* p. 15.  Viewing the evidence in the light most favorable to Mr.

Hainey, the Court should answer in the affirmative.

According to the Defendants, they were attempting to comply with state law in the

administration of Mr. Hainey's sentence.  Admittedly, reliance on a properly enacted state

statute "is one factor to consider in determining whether the officer's actions were

objectively reasonable."  *Roska v. Peterson*, 328 F.3d 1230, 1253 (10th Cir. 2003), *modified*

*on other grounds*, *United States v. Najar*, 451 F.3d 710, 718 (10th Cir. 2006).  In addition,

however, the Court must consider such factors as:

> (1) the degree of specificity with which the statute authorized the conduct in
> question; (2) whether the officer in fact complied with the statute; (3) whether
> the statute has fallen into desuetude; and (4) whether the officer could have
> reasonably concluded that the statute was constitutional.

*Id*. at 1253 (footnotes omitted).  These factors weigh heavily in favor of Mr. Hainey, as the

state's highest criminal court has already found an undebatable violation of state law in the

administration of the  sentence.  OCCA Order Denying Petition for a Writ of Prohibition at

p. 4.

As the OCCA explained, a trial court had no authority before 1985 to order a new sentence to be served concurrently with a previously imposed sentence. *Id.* at p. 6. But in 1985, the Oklahoma legislature amended the state statutes to expressly authorize imposition of a sentence that would run concurrently with a previously-imposed sentence. *See id.* at p. 4 (citing Okla. Stat. tit. 22 § 976). Consequently, the OCCA held:

> [I]t may indeed be debatable as to the practical effect of a trial judge ordering a sentence to be served concurrently with a prior sentence upon which the defendant is out on parole. Nevertheless, that a trial judge has lawful authority to impose such a concurrent sentence is not open to debate.

*Id.* at p. 4.

In Mr. Hainey's state court proceedings, the OCCA pointed out that it had rejected a similar claim in 2004. *Id.* at pp. 4-5. There an inmate had been serving parole when he was convicted of new crimes. *See Williams v. State*, 87 P.3d 620, 621 (Okla. Crim. App. 2004). The trial court ordered the inmate's new sentences to be served concurrently with his former sentence. *See id.* But when his parole on the first sentence was revoked, the governor ordered the first prison term to run consecutively with the sentences in the second case. *See id.* Following the governor's order officials ran the sentences consecutively, and the inmate sought post-conviction relief. *See id.* On appeal, the OCCA held: "Because the Legislature has vested sentencing judges with authority to order sentences to be served concurrently, the Governor cannot override a judge's lawful order for concurrent terms of imprisonment." *Id.* at 622. Consequently, the appellate court ordered the sentences to run concurrently. *Id.* at 622-23.

Following *Williams*, the OCCA rejected the DOC's argument that prison officials had the authority to run Mr. Hainey's sentences consecutively. OCCA Order Denying Petition for a Writ of Prohibition at pp. 4-9.

Since 1985, Oklahoma law has clearly provided that the trial judge could run a new sentence concurrently with any other sentence. And in 2004, a published case with substantially similar facts reemphasized that the governor's certificate of parole revocation could not supercede the trial court's order.[28] Thus, the Defendants should have been aware that they were in violation of the law when they disregarded the trial court's directive in favor of the "silence" of the governor's parole revocation. In these circumstances, officials arguably should have recognized that a violation of the state law would result in a denial of Mr. Hainey's constitutional rights.

The Tenth Circuit Court of Appeals recently addressed a similar question in *Marshall v. Columbia Lea Regional Hospital*, 474 F.3d 733 (10th Cir. 2007). There police officers were sued for coercing a blood test in violation of the Fourth and Fourteenth Amendments. *See Marshall v. Columbia Lea Regional Hospital*, 474 F.3d at 736. The compulsory nature of the blood test violated a New Mexico statute. Appealing on grounds of qualified immunity, the officers argued that a breach of New Mexico law would not have clearly established a Fourth Amendment violation when they acted. *See id.* at 740.

---

[28] The 2004 state case would not have been available to the Defendants when they first decided to disregard the trial court's order. But officials should have been aware of the precedent when Mr. Hainey complained about the administration of his sentences in 2005. *See supra* p. 3.

The Tenth Circuit Court of Appeals noted that "it is difficult to imagine how a competent officer could think it could make sense or be reasonable to violate state law." *Id.* at 746. The court then cited Supreme Court cases which had provided that:

- qualified immunity protects all but those who knowingly violate the law and

- "'a reasonably competent public official should know the law governing his conduct.'"

*Id.* (citations omitted). Thus, the appeals court concluded that "[v]iewing the facts in the light most favorable to the [non-moving party]," "a reasonable officer, similarly situated, would understand that his or her conduct violated [clearly established rights]." *Id.*

This reasoning applies here. By the time that the Defendants acted:

- an Oklahoma court had already noted the trial judge's power to order a sentence to run concurrently with a previously-imposed term, and

- the state's highest criminal court had held that the wrongful nature of the DOC's action in this case was "not open to debate."

*See supra* pp. 19-20. The Defendants' violations of state law resulted in incarceration of the Plaintiff for seven months past his proper release date. That incarceration could have created a constitutional violation.[29]

---

[29] The officers do not lose their immunity solely by the failure to comply with a clearly established state law. *See Davis v. Scherer*, 468 U.S. 183, 194 (1984) ("Officials sued for constitutional violations do not lose their qualified immunity merely because their conduct violates some statutory or administrative provision." (footnote omitted)); *see also Elder v. Holloway*, 510 U.S. 510, 515 (1994) (noting that in *Davis*, the Supreme Court held that qualified immunity is defeated only when the clearly established right is "the federal right on which the claim for relief [was] based" (citations omitted)). But here, the noncompliance with state law could have created a corresponding violation of the federal constitution. *See supra* text accompanying note; note 25.

Finally, the Defendants claim that they had relied on DOC policy. *Cf. Boles v. Neet*, 486 F.3d 1177, 1184 (10th Cir. 2007) (stating that a defendant does not enjoy qualified immunity "simply because he [had] acted in accordance with prison regulations" (footnote omitted)). But as the officials point out, the DOC policy states that when "counts are on separate documents and sequencing is not specified, they are to be served consecutively." Sentence Administration at p. 41, OP-060211 (effective date Nov. 1, 2004). Here the sequencing was specified in the commitment document. Thus, the Defendants' actions could reasonably be viewed as a departure from the DOC policy.

Drawing all reasonable inferences in a light most favorable to the Plaintiff, a fact-finder could legitimately conclude that the Defendants:

- had acted unreasonably in their interpretation of state law and DOC policy,

- had ignored the second trial court's directive to run the sentences concurrently, and

- had confined Mr. Hainey for seven months too long as a result of the violation of state law.

Consequently, the evidence would justify a finding of unreasonable conduct in the failure to acknowledge an "undebatable" power to run the sentences concurrently.[30]

---

[30]     *See Alexander v. Perrill*, 916 F.2d 1392, 1395-99 (9th Cir. 1990) (holding that a prison warden and the institution's administrative systems manager were not entitled to summary judgment on grounds of qualified immunity for failure to investigate an error in the calculation of a prisoner's sentences); *Sanders v. Foti*, 281 F.3d 1279, 2001 WL 1692487 (5th Cir. Nov. 28, 2001) (*per curiam*) (unpublished op.) (upholding rejection of a qualified immunity defense based on improper calculation of a sentence); *Russell v. Lazar*, 300 F. Supp. 2d 716, 723-24 (E.D. Wis. 2004) (denying a motion to dismiss based on qualified immunity because the "clear trend in the caselaw" had recognized a violation of the Eighth Amendment when state officials were deliberately indifferent to the risk that a person could be incarcerated beyond his release date).

The evidence reflects a violation of the constitution.  For purposes of summary judgment, the constitutional right was "clearly established" and the Defendants' conduct could be viewed as unreasonable under then-existing law.  Thus, the Court should reject the Defendants' motion for summary judgment on grounds of qualified immunity.

E.    <u>Effect of the Stay Order</u>

In urging qualified immunity, the Defendants assert that "any incarceration beyond the expiration of Plaintiff's sentence was done so pursuant to Judge Branam's order granting a stay of his judgment . . . ."  Defendants' Dispositive Motion at p. 12 (citing Defendants' Exhibit 10).  This assertion is inaccurate even if the Court were to rely solely on the Defendants' evidence.

The state district judge ordered release of Mr. Hainey on January 31, 2006. Defendants' Dispositive Motion, Exh. 8.  The warden waited eight days before seeking a stay.  *See* Defendants' Dispositive Motion, Exh. 9.  During this eight-day period, there was nothing to relieve the Defendants of the obligation to immediately release Mr. Hainey under the state district judge's order.

At a minimum, the Defendants could not attribute the incarceration of Mr. Hainey over the eight days to the entry of a stay.  *See Berry v. Baca*, 379 F.3d 764, 771 (9th Cir. 2004) (holding that summary judgment was unavailable when three pretrial detainees had alleged a failure to release them 26 to 29 hours after court authorization of their release). During this period, the Defendants were bound by the order to release Mr. Hainey and they elected not to comply.

A similar issue arose in *Slone v. Herman*, 983 F.2d 107 (8th Cir. 1993).  There a person was sentenced in state court to two concurrent prison terms.  *See Slone v. Herman*, 983 F.2d at 108.  The state judge suspended the sentence and imposed probation for five years.  *See id*.  The order became final and nonappealable, and state authorities unsuccessfully sought a stay, writ of prohibition, and vacatur of the order to suspend the prison sentence.  *See id*. at 108-109.  The state judge ordered authorities to release the inmate, and they did.  *See id*. at 109.  After he was freed, the prisoner sued under Section 1983 and the federal appeals court held that the defendants were not entitled to summary judgment on grounds of qualified immunity.  *Id*. at 108.  The defendants believed that the sentencing judge lacked authority to suspend the sentence and urged qualified immunity on grounds that they had sought a stay rather than ignore the release order.  *See id*. at 110.  The federal appellate court rejected the argument, reasoning that the defendants were bound by a final and nonappealable order to release the individual despite their disagreement with the sentencing judge's order.  *Id*.  The court explained:

> [E]very belated move that defendants made in their efforts to overturn [the sentencing judge's] order could have been made whether or not [the individual] remained in prison.  We are satisfied that defendants' actions seeking to overturn [the sentencing judge's] order, taken after the ten days to appeal that order had expired, did not make their refusal to free [the defendant] objectively reasonable.

*Id.* at 110-11.

The reasoning in *Slone v. Herman* is persuasive. Officials had no legal authority to continue the imprisonment of Mr. Hainey for the eight days that had passed between entry of the order to release him and the issuance of a stay. The unauthorized incarceration of Mr. Hainey over this period could lead a fact-finder to conclude that the Defendants' failure to enforce the release order was objectively unreasonable.[31]  In these circumstances, the Court should reject the Defendants' argument for summary judgment based on the assertion that they had kept Mr. Hainey imprisoned because of the stay order.

### III.   Count One:  Declaratory Relief

The Defendants assert that the Plaintiff is not entitled to a declaratory judgment because he has not shown a constitutional violation. As discussed above, however, the Plaintiff has presented evidence of a constitutional violation involving incarceration for seven months past his proper discharge date. *See supra* pp. 15-16. Accordingly, the Court should reject the Defendants' argument for summary judgment on the claim in Count One for declaratory relief.

---

[31]     *See Davis v. Hall*, 375 F.3d 703, 719 (8th Cir. 2004) ("we have no difficulty concluding that [the prisoner] alleged the deprivation of a clearly established right and that a reasonable government actor would know that failing to respond to [the prisoner's] requests to be released in keeping with the court order that he possessed was unlawful").

IV.    <u>Count Two:  Conspiracy</u>

In Count Two, the Plaintiff alleges a conspiracy[32] and the Defendants seek summary judgment based on a failure to present evidence of an agreement or concerted action.[33]  The Court should grant summary judgment on Count Two to Defendants Sirmons, Higgins, Rabon, Leuty, Carter, and Laymon in their personal capacities.

To prevail on a conspiracy theory, Mr. Hainey must demonstrate a single plan and knowledge of its essential nature and scope by each of the conspirators.  *See Fernandez v. Mora-San Miguel Electric Cooperative, Inc.*, 462 F.3d 1244, 1252 (10th Cir. 2006).

Once the moving defendants pointed to the apparent absence of evidence involving a conspiracy, the Plaintiff incurred the burden to "go beyond the pleadings" and designate:

- specific facts through testimony or documentary support

- showing a genuine issue for trial

- on the existence of a single plan and knowledge of its essential nature and scope.

---

[32]    *See supra* p. 2.

[33]    In this section, the Defendants discuss only the Plaintiff's conspiracy claim under Section 1983.  As noted elsewhere, the Defendants separately address the Plaintiff's conspiracy claim under 42 U.S.C. § 1985.  *See infra* p. 27.

*See Langley v. Adams County*, 987 F.2d 1473, 1476 (10th Cir. 1993).  The Plaintiff failed to present any such facts,[34] and the moving defendants are entitled to summary judgment in their personal capacities on Count Two.[35]

## VIABILITY OF A CLAIM UNDER 42 U.S.C. § 1985

In the cover page to the complaint, Mr. Hainey identifies 42 U.S.C. § 1985 as one of the statutory sources for the claims.  Complaint, Cover Page.  In a footnote, the Defendants state: "Plaintiff references 42 U.S.C. § 1985 in his Complaint, but § 1985 concerns conspiracies based on a class or a racially discriminatory animus."  Defendants' Dispositive Motion at p. 14 n.1 (citation omitted).  The Defendants' reference in a footnote does not adequately present the argument as a basis for dismissal or summary judgment on the Section 1985 claim.[36]

---

[34]    With their dispositive motion, the Defendants presented documents showing that some of them had denied administrative relief to Mr. Hainey.  Defendants' Dispositive Motion, Exh. 15.  But "[p]arallel action . . . does not necessarily indicate an agreement to act in concert."  *Salehpoor v. Shahinpoor*, 358 F.3d 782, 789 (10th Cir. 2004); *see also Seay v. Campbell*, 130 Fed. Appx. 268, 273 (10th Cir. May 3, 2005) (unpublished op.) (holding that the defendants were entitled to summary judgment on a conspiracy claim because the claimant had presented only "a series of events in which the defendants each participated at some point, but no specific facts to show agreement and a concerted action").

[35]    *See Montgomery v. City*, 365 F.3d 926, 940 (10th Cir. 2004) (upholding summary judgment for the defendants on a conspiracy claim under Section 1983 because the plaintiff had "merely alleged many unlawful acts by various defendants" without identification of "any specific facts evincing an agreement among the various defendants").

[36]    *See Hardeman v. City*, 377 F.3d 1106, 1122 (10th Cir. 2004) (holding that a footnote in the defendants' brief was insufficient to preserve a constitutional challenge); *Echo Acceptance Corp. v. Household Retail Services, Inc.*, 267 F.3d 1068, 1077 n.5 (10th Cir. 2001) (declining to address an assertion that appeared only in a footnote to a brief); *see also United States v. Judd*, 42 Fed. Appx. 140, 144 (10th Cir. June 18, 2002) (unpublished op.) ("Arguments made in a perfunctory manner, such as in a footnote, are waived." (citations omitted)).

THE PLAINTIFF'S COUNTER-MOTION
FOR SUMMARY JUDGMENT

In the body of his response, the Plaintiff seeks summary judgment on his own. Plaintiff's Opposition to Defendants [sic] Motion to Dismiss/Motion for Summary Judgement at p. 18 (July 30, 2007). This request should be stricken because the Plaintiff does not identify the cross-motion in the caption and he fails to present any supporting argument.

This Court requires each person seeking judicial relief to identify his motion in the caption. *See* W.D. Okla. LCvR 7.1(b) (2007). The Plaintiff failed to do so and did not mention his request for summary judgment on his own until the "conclusion" of his response brief. In these circumstances, the Plaintiff's cursory request for summary judgment did not adequately notify the Defendants of their duty to respond.

The Plaintiff also failed to present any supporting argument. Although the Plaintiff presented arguments opposing summary judgment for the Defendants, he did not support his own right to prevail as a matter of law. The arguments are not interchangeable,[37] and the Plaintiff had the burden to establish his own right to judgment as a matter of law.[38] While

---

[37]    *See Central Illinois Public Service Co. v. Atlas Minerals, Inc.*, 146 F.3d 448, 452 (7th Cir. 1998) ("an argument supporting a party's motion for summary judgment is not interchangeable with an argument against an opponent's motion for summary judgment").

[38]    *See Houghton v. Foremost Financial Services Corp.*, 724 F.2d 112, 114 (10th Cir. 1983) ("The fact that both parties have moved for summary judgment does not permit entry of summary judgment if disputes remain as to material facts." (citation omitted)).

the Plaintiff requested summary judgment for himself, he did not present any supporting argument. The omission independently justifies an order striking the Plaintiff's request for summary judgment in the conclusion of his response brief.[39]

## SUMMARY OF RECOMMENDATIONS

The Court should:

- overrule the Defendants' motions to strike the Plaintiff's response brief and to treat their dispositive motion as "confessed,"

- grant the Defendants' motion to dismiss the official capacity claims for damages and declaratory relief in both counts of the complaint,

- overrule the Defendants' motions for dismissal and summary judgment on the personal capacity claims in Count One,

- grant the moving defendants' request for summary judgment on the personal capacity claims in Count Two, and

- strike the Plaintiff's counter-motion for summary judgment.

. The present report would not affect the claims against three defendants, Ron Ward, Melinda Guilfoyle, or Ron Anderson. None of these individuals was a party to the pending motions. *See supra* notes 1, 7.

## NOTICE OF RIGHT TO OBJECT

The parties can object to the present report and recommendation. Any such objection must be filed with the Clerk of this Court by September 11, 2007. *See* W.D. Okla. LCvR

---

[39] *See United States v. Almaraz*, 306 F.3d 1031, 1041 (10th Cir. 2002) (holding that a "perfunctory and cursory reference without citation to authority in support of a legal argument is inadequate to warrant consideration" (citations omitted)); *see also supra* p. 27 (discussing the insufficiency of an argument raised by the Defendants in a footnote).

72.1 (2007).  The failure to timely object would foreclose appellate review of the suggested rulings.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *cf. Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

STATUS OF THE REFERRAL

The referral is not terminated.

Entered this 22nd day of August, 2007.


Robert E. Bacharach
United States Magistrate Judge