IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RONALD EUGENE HAINEY, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case Number CIV-07-205-C |
| ) | |
| MARTY SIRMONS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

This 42 U.S.C. § 1983 claim brought by a prisoner, proceeding pro se, was referred to United States Magistrate Judge Robert E. Bacharach, consistent with the provisions of 28 U.S.C. § 636(b)(1)(B). Judge Bacharach entered a Report and Recommendation on August 22, 2007, to which Defendants have timely objected. The Court therefore considers the matter de novo.

The facts and relevant law are set out in full in the accurate and well-reasoned opinion of the Magistrate Judge. No point would be served in repeating that analysis. Rather, the Court will address the two objections raised by Defendants. First, Defendants assert that Judge Bacharach erroneously found that Defendants were not entitled to qualified immunity. Defendants do not take issue with Judge Bacharach's finding that there was a violation of a constitutional right and that that right was clearly established. Defendants' objection focuses on whether their actions were objectively reasonable. Defendants argue that Judge Bacharach failed to specifically address whether they were entitled to qualified immunity

during the time the stay was in place while Defendants sought a writ of prohibition. The Court agrees that Defendants are entitled to qualified immunity for the time period the stay was in place. As Defendants note, they would otherwise be placed on the horns of a dilemma facing the wrath of a court for disobeying its order on the one hand and damages from a plaintiff on the other. See Valdez v. City and County of Denver, 878 F.2d 1285, 1289 (10th Cir. 1989). Thus, Defendants are entitled to qualified immunity for the time period the stay was in place. However, for the remaining period, including the eight days between the district court's order of release and the issuance of the stay, the Court finds Defendants' conduct was objectively unreasonable and therefore they are not entitled to qualified immunity.[*]

For the second proposition, Defendants argue Judge Bacharach erred in refusing to dismiss the 42 U.S.C. § 1985 claim. Defendants argue that Plaintiff did not explicitly raise such a claim in the body of his Complaint and that they mentioned it in a footnote only to point out that Plaintiff had failed to fully develop the claim. The Court finds no error in the reasoning of Judge Bacharach. If Defendants were unsure whether Plaintiff was pursing a § 1985 claim, the proper course was a Fed. R. Civ. P. 12(e)-based motion for a more definite

---

[*] Defendants argue they acted quickly in seeking the stay and therefore should be entitled to immunity for the eight days between the order for release and issuance of the stay. However, Defendants' argument ignores the fact that, as Judge Bacharach correctly noted, it was Defendants' allegedly unreasonable conduct that forced Plaintiff to seek the order for release. Indeed, as every court to consider the matter has recognized, it was Defendants' actions that caused Plaintiff to be incarcerated for several months more than he should have been. Consequently, regardless of how quickly Defendants may have acted in seeking the stay, their earlier actions may subject them to a potential award of damages.

statement. In the alternative, Defendants could have challenged the sufficiency of the allegations in the Complaint pursuant to Fed. R. Civ. P. 12(b)(6). However, as noted by Judge Bacharach, merely suggesting in a footnote that the claim should be dismissed is insufficient.

As set forth more fully herein, to the extent not made clear in the Report and Recommendation, the Court finds that Defendants are entitled to qualified immunity only for that time period during which the court order directing Plaintiff's release was stayed by the Oklahoma Court of Criminal Appeals. In all other respects, the Court adopts in full the Report and Recommendation of the Magistrate Judge.

IT IS SO ORDERED this 14th day of September, 2007.

ROBIN J. CAUTHRON
United States District Judge