IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RONALD EUGENE HAINEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-07-205-C |
| | ) | |
| MARTY SIRMONS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Defendants Sirmons, Higgins, Rabon, Leuty, Carter, Laymon and Anderson request leave to file an amended motion for dismissal or summary judgment to include Mr. Ron Anderson as a party to the dispositive motion. The request for amendment is denied. However, the Court will liberally treat the Defendants' request as a motion for leave to file a responsive pleading or motion to dismiss out of time. *See* Fed. R. Civ. P. 6(b)(2). Construing the request in this manner, the Court will give Mr. Hainey an opportunity to respond.

As a request for amendment of a dispositive motion, the Defendants are too late. The Plaintiff has already responded; the Defendants have moved to strike the response; the magistrate judge has entered a report and recommendation; Defendants Sirmons, Higgins, Rabon, Leuty, Carter, Laymon and Anderson[1] have objected to the report and recommendation; and Chief Judge Cauthron has already ruled on the objection. Amendment

---

[1] Defendant Anderson objected to the report and recommendation even though he was not a party to the underlying dispositive motion or the report and recommendation.

of the dispositive motion would nullify all of these documents and require the Plaintiff and the Court to start anew not only for Mr. Anderson but also for Defendants Sirmons, Higgins, Rabon, Leuty, Carter, and Laymon.

The movants rely on Fed. R. Civ. P. 15, which addresses motions to amend "pleadings." Fed. R. Civ. P. 15(a). But a motion for dismissal or summary judgment is not a "pleading." *See* Fed. R. Civ. P. 7(a)-(b) (distinguishing between "pleadings" and "motions"). Because the Defendants' dispositive motion was not a "pleading," Rule 15 does not apply[2] and there is no authority for amendment of the motion.

Even if such authority existed, amendment would be inappropriate here. The movants state:

> Plaintiff's response to the Defendants' dispositive motion appears to be generally directed at all Defendants. Likewise, the Court's Report and Recommendation does not appear to analyze the dispositive motion with respect to each individual defendant, but the recommendation appears to apply to all Defendants in the same manner. Therefore, allowing undersigned counsel to amend the dispositive motion to include Defendant Anderson will not be prejudicial to Plaintiff or change the substantive nature of the Court's Report and Recommendation as it was written.

Motion to for Leave to Amend Defendants' Motion to/Dismiss/Motion for Summary Judgment at p. 3 (Sept. 11, 2007) (citation omitted). This representation is incorrect.

---

[2] *See Sorbo v. United Parcel Service*, 432 F.3d 1169, 1177 (10th Cir. 2005) ("Pleadings are categorically distinguished from motions, *see* Rule 7(a) & (b), and the provisions of Rule 15 regarding amendments and their relation-back apply only to pleadings." (citation omitted)); *accord Albany Insurance Co. v. Almacenadora Somex, S.A.*, 5 F.3d 907, 911 (5th Cir. 1993) ("We . . . hold that a motion to dismiss is not a 'pleading' for the purposes of Rule 15(a)."); *see also* 6 C. Wright, A. & M. Kane, *Federal Practice and Procedure* § 1475 at 555 (2d ed. 1990) ("the conclusion that the reference to pleadings in Rule 15(a) does not include motions seems sound").

The existing dispositive motion did not differentiate between the movants, who were wardens, a deputy warden, the sentence administrator, and two classification officers. *See* Civil Rights Complaint at pp. 2-7 (Feb. 20, 2007). According to the complaint, all of these individuals were responsible for the decisions that resulted in the Plaintiff's incarceration past his proper release date. *Id.* In the complaint, Mr. Hainey does not allege similar responsibility on the part of Mr. Anderson. *See id.* at pp. 5-6. Instead, the Plaintiff alleged only that Mr. Anderson had represented the Department of Corrections and filed an unsuccessful motion for a writ of prohibition. *Id.* With this allegation, Mr. Anderson's alleged role appears to differ markedly from the roles of the defendants who have previously sought dismissal or summary judgment. Thus, even if the Defendants mistakenly viewed the alleged roles as the same, their arguments may have been applied differently with respect to Mr. Anderson if he had participated in the motion.

Mr. Anderson is apparently wanting to file a new dispositive motion. There is no deadline for dispositive motions. Thus, he does not need additional time to file a summary judgment motion. For a motion to dismiss, however, Mr. Anderson is out-of-time. *See* Fed. R. Civ. P. 12(a)(1), 12(a)(4).

The request for leave to file an answer or motion to dismiss at this juncture is governed not by the rules for amendment of motions, but by the rules controlling motions for extensions of time. *See* Fed. R. Civ. P. 6(b)(2). Thus, the Court will liberally treat the motion as one by Mr. Anderson for leave to file an answer or motion to dismiss out-of-time.

*See* Fed. R. Civ. P. 6(b)(2).  The Plaintiff shall respond to the motion, construed in this manner, by October 1, 2007.

So ordered this 18th day of September, 2007.


_Robert E. Bacharach_
Robert E. Bacharach
United States Magistrate Judge